1mv

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
DEC 02 1998
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| JIMMY BRACKINS | * |
| VS | *   C.A. NO. B96 215 |
| BILLY J. CROCKER, ET AL | * |

---

JIMMY BRACKINS, Pro Se, TDCJ, Reg. No. 523368, Estelle Unit, Huntsville, TX 77343

Attorney General, Attorney for Respondent

---

## MEMORANDUM ORDER OF DISMISSAL

Before this Court is Petitioner's putative 42 U.S.C. § 1983 complaint against several Texas Department of Criminal Justice (TDCJ) employees. This Court has reviewed the file in light of its procedural history, its factual allegations and the applicable law, and is of the opinion that it should be dismissed. In support of the aforementioned opinion, this Court files the following findings.

1.  This cause of action was initiated on November 22, 1996, when the Clerk's Office in the Brownsville Division of the Southern District of Texas received several handwritten notes by Petitioner in which he apparently* asks for a judicial review of grievances against several TDCJ's employees.

2.  Petitioner also was apparently* requesting a transfer out of the TDCJ unit in which he was being incarcerated. At the time, Petitioner was being held at the Tennessee Colony Unit of TDCJ, said unit is located in the Eastern District of Texas, Tyler Division.

3.  Petitioner also requested that he be mailed the necessary forms to file an application to proceed in forma pauperis, to file a 42 U.S.C. § 1983 and 28 U.S.C. § 2254 and 28 U.S.C. § 2255 causes of action.

4.  On January 24, 1997, Petitioner filed what appeared to be a "complaint" for violation of civil rights pursuant to 42 U.S.C. § 1983, and an application to proceed in forma pauperis. Petitioner does not attack the validity of his conviction or sentence. On June 20, 1997, the State of Texas was ordered to file a response on before August 22, 1997. No summons was issued and no response was filed.

*Petitioner's handwritten documents are extremely hard to decipher and discern.

5.  Eighteen months have elapsed and Petitioner has failed to take any action to further prosecute his case.

6.  Upon review of Petitioner's file, this Court found that Petitioner was transferred to Huntsville, Texas, on September 19, 1997. Transferring out of Tennessee Colony was one of the main prayers in Petitioner's complaint.

7.  To the extent Petitioner was seeking transfer, his request has already been granted. To the extent Petitioner was seeking a judicial review of a grievance against TDCJ's officials in Tennessee Colony, this Court lacks jurisdiction to consider that matter. There has been no showing of exhaustion of state court remedies and Tennessee Colony is not within the territorial jurisdiction of this Court.

Because of the foregoing, this Court finds that his cause of action should be dismissed.

**IT IS SO ORDERED.**

DONE at Brownsville, Texas, this ___2___ day of ~~November~~ December 1998.

Hilda G. Tagle
United States District Judge